# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FIRAS M. AYOUBI, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )    No. 14 C 0602 |
| | ) |
| | )    Hon. Amy J. St. Eve |
| JOE BASILONE, et al., | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Firas M. Ayoubi, a detainee at Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1981, 1983. Presently before the Court is Defendant Samantha Yakush's (named as Samantha Hancock in the Third Amended Complaint) motion to dismiss, Defendant Danielle McGaughy's (named Daniele Henry in the Third Amended Complaint) motion to dismiss, and *pro se* Defendant Joe Basilone's request for dismissal.

## Background

On January 22, 2014, Plaintiff filed his original complaint.[1] In his original complaint, Plaintiff alleged that on July 27, 2011, he was working at the Target Mobile store inside the Target store in Rosemont, Illinois. Target Mobile was a subsidiary of RadioShack. While on a break outside the store, Plaintiff noticed a person grab a bicycle and ride off. An older man then told Plaintiff that his bike had been stolen, after which Plaintiff called the police. Rosemont Police Officers Fiorito, Nichols, and two other unknown officers, responded to the call and took Plaintiff's witness statement. For an unknown reason, the police officers eventually demanded Plaintiff's identification, and ran Plaintiff's name through the Law Enforcement Agencies Data

---

[1] This date is based on the postmark of the envelope in which the complaint was received. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (according to the prisoner mailbox rule, an incarcerated plaintiff's *pro se* pleadings are deemed filed the date they are handed over to prison officials for mailing).

System ("LEADS") computer terminal in the officers' squad car. Plaintiff believes this was wrong because he was a witness to a crime, not a suspect. The LEADS search revealed that Plaintiff had a prior conviction of indecent solicitation of a minor in 2007. Thereafter, the Rosemont police officers decided to disclose the prior conviction to the Target Asset Protection Manager (identified in the Complaint by title and Target Employee 1). According to Plaintiff, the police officer who reported Plaintiff's prior conviction also added false details, calling Plaintiff a "rapist" and a "threat to the community and Target customers." Plaintiff does not disclose the exact details of his convictions in his Complaint, but claims that these comments were slanderous because he never had any physical contact with the victim. Plaintiff further complains about the police officers' harassment, asserting that he disclosed his conviction when applying for the job at Target. After the police officers related Plaintiff's prior conviction, along with the additional false statements, Target (and RadioShack) terminated Plaintiff's employment.

Including only those individuals relevant to the current motions, Plaintiff named the following individuals as Defendants in his original Complaint: Chief Executive Officer of Target Corporation Gregg Steinhafel; Head of Human Resources for Target Corporation John J. Mulligan; Asset Protection Manager of the Rosemont Store as "Target Employee 1;" Chief Executive Officer of RadioShack Corporation Joe Magnacca; Head of Human Resources for RadioShack Corporation Telvin P. Jeffries; and District Manager for North Chicagoland of RadioShack Corporation Joe Basilone.

Plaintiff's original Complaint sought monetary relief for the alleged wrongful disclosure of his prior conviction information and his employment termination. Specifically, Plaintiff brought claims under 42 U.S.C. § 1983 (Count I), 42 U.S.C. § 1981 (Count II), 42 U.S.C. § 1982 (Count III), Title VII, 42 U.S.C. § 2000e, et seq., (Count IV), Intentional Infliction of Emotional Distress

("IIED") (Count V), the Federal Privacy Act (Count VI), Unlawful Disclosure of Eyewitness Information (Count VII), the Illinois Uniform Conviction Information Act (Count VIII), the Illinois Criminal Identification Act (Count IX), Defamation of Character, Libel, and Slander (Count X), Wrongful Termination (Count XI), the Federal Victim and Witness Protection Act (Count XII), and Obstruction of Justice (Count XIII).

On June 12, 2014, the Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The Court dismissed Count I with prejudice because the applicable statute of limitations barred Plaintiff's claims brought pursuant to Section 1983. The Court dismissed Plaintiff's Title VII religious discrimination claim and § 1981 race discrimination claim as alleged in Counts II and IV without prejudice for failure to sufficiently plead each claim and granted Plaintiff leave to amend these allegations. In addition, the Court dismissed Count III with prejudice because he had not alleged discrimination in the context of the sale or rental of property. The Court dismissed Plaintiff's IIED claim, Count V, with prejudice because it was untimely. Counts VI, VII, VIII, XI, XII and XIII were dismissed with prejudice for failure to state a claim. Finally, the Court dismissed Count X with prejudice as untimely.

On July 25, 2014, the Court received Plaintiff's Amended Complaint, dated July 2014. In his Amended Complaint, Plaintiff repeated his allegations related to his termination of employment. On December 11, 2014, the Court permitted Plaintiff to proceed with his Section 1981 employment discrimination claim against the individuals involved in the alleged discrimination. These Defendants included the asset manager (identified as Target Employee 1), store manager (identified at Target Employee 2), Human Resource Directors John Mulligan, Telvin Jeffries, and District Manager Joe Basillone. Defendants Target Corporation, RadioShack Corporation, Gregg Steinhafel, Chief Executive Officer of the Target Corporation, and Joe

Magnacca, Chief Executive Officer of RadioShack were dismissed. The Court also informed Plaintiff that he must name the asset manager and store manager if he wished to pursue claims against them. Further, the Court instructed him that if he did not know their names, he should name them as John Does in an amended complaint.

Defendant John Mulligan was served and on February 3, 2015, the Court put in place a briefing schedule on Mulligan's expected motion to dismiss. In addition, the Court dismissed without prejudice Defendants Target Employee 1 and Target Employee 2 because Plaintiff failed to comply with the Court's December 11, 2014, Order as to these Defendants. On March 30, 2015, the Court issued a show cause order due to Plaintiff not responding to Mulligan's motion to dismiss. On May 7, 2015, the Court dismissed the show cause order based on Plaintiff's averment that he had not received a copy of Mulligan's motion nor the court order setting a briefing schedule.

On May 29, 2015, the Court received Plaintiff's Second Amended Complaint. The Second Amended Complaint did not name Mulligan as a party. The allegations in the Second Amended Complaint remained unchanged as to the other Defendants.

On July 20, 2015, the Court recruited counsel for Plaintiff solely for the purpose of assisting Plaintiff in identifying and serving the proper Defendants. On October 21, 2015, the Court dismissed Defendant Jeffries without objection. On December 21, 2015, Plaintiff was given until January 21, 2016, to submit a third amended complaint. On January 12, 2016, Plaintiff was granted an extension of time to submit his third amended complaint. On March 1, 2016, Plaintiff's Third Amended Complaint was received.

In his Third Amended Complaint, Plaintiff alleges that he was working at Target Mobile, a subsidiary of RadioShack, contracted by Target to conduct wireless contract sales in Target stores.

4

While standing outside his job taking a break in Rosemont, Illinois on July 27, 2011, Plaintiff observed someone stealing a bicycle and he called the police. The responding officers were unprofessional and harassed Plaintiff. The police also searched LEADS for information on Plaintiff. LEADS revealed that Plaintiff had a prior conviction for indecent solicitation. The police then informed the Target Asset Protection Manager (Samantha Yakush) that Plaintiff was a "predator child rapist" and a "Muslim Arab." The Asset Protection Manager (Yakush) made derogatory comments about Plaintiff, and with the store manager, contacted "Corporate." According to Plaintiff, a witness heard the Asset Protection Manager (Yakush) tell "H.R" that an "Arab Islamic convicted rapist" was working by the "babies section."

Target's Head of Human Resources (still an unidentified Defendant) then contacted RadioShack's Head of Human Resources (Marvin Fisher) to discuss Plaintiff's conviction (with false enhancements provided by the police) and specifically of Plaintiff's race and religion. Subsequently, RadioShack Human Resources (Fisher) told Joe Basilone to fire Plaintiff. Joe Basilone told Plaintiff that "Corporate" decided to terminate his employment because he "was not only a sex offender" but also an "Arab Muslim working in a store managed by white people." Basillone also allegedly told Plaintiff that "Target's CEO is old school and conservative . . . We don't want to mess up relationships with Target." Plaintiff alleges that Target employees contacted "H.R. of Target" solely for the purpose of getting him fired because of his race.

On March 3, 2016, Plaintiff was allowed to proceed on his Section 1981 employment discrimination claim in his Third Amended Complaint against RadioShack District Manager Joseph Basilone, RadioShack Regional Human Resource Director Marvin Fisher, Asset Manager Samantha Yakush, and Target Human Resources Executive Team Leader Danielle McGaughy. Defendants Yakush, McGaughy and Basilone now move to dismiss Plaintiff's Third Amended

Complaint.

**Legal Standard**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The relevant question at the motion to dismiss stage is not whether the plaintiff will ultimately prevail on the merits, but whether the complaint is sufficient to cross the federal pleading threshold. *See Skinner v. Switzer*, 562 U.S. 521, 529–30, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). In determining the sufficiently of a complaint under the plausibility standard, courts "accept the complaint's well-pleaded facts as true and construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014). Also, "although a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

**Analysis**

Both Yakush and McGaughy argue that any claims brought against them in Plaintiff's Third Amended Complaint are time-barred under the four-year statute of limitations applicable to Plaintiff's Section 1981 claim because the Third Amended Complaint does not relate back to a timely-filed complaint. Plaintiff counters that the Third Amended Complaint does relate back to the initial *pro se* Complaint.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541, 130 S. Ct. 2485, 177 L. Ed.2d 48 (2010). "Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id*. (quoting Fed. R. Civ. P. 15(c)(1)(C)). As the *Krupski* Court held, "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Id*. at 548 (emphasis in original). After *Krupski*, the "only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011). Here, Defendants do not address the two *Krupski* inquiries as outlined in *Joseph*, but argue that Plaintiff cannot make the threshold showing that he

7

committed a mistake concerning the newly-named Defendants' proper identities. As such, they do not discuss Defendants' knowledge that they would have been sued had it not been for Plaintiff's mistake or if their defense would be impaired by adding them as a named Defendant at this juncture. *See Joseph*, 638 F.3d at 559-60. Instead, Defendants argue that Plaintiff – while proceeding *pro se* – did not make a mistake in not naming them; instead, he merely lacked knowledge of their identities. Defendants' argument improperly questions what the Plaintiff knew or should have known at the time of filing his original Complaint instead of what the prospective Defendants knew or should have known during the Rule 4(m) period. *See Krupski*, 560 U.S. at 548.

Plaintiff timely filed his original Complaint as to his Section 1981 claim. In that Complaint, Plaintiff named Yakush's title (Asset Protection Manager) and identified that unknown individual as "Target Employee 1." Plaintiff also named Mulligan as a Defendant with the title of "Head of Human Resources." While McGaughy's correct title, Executive Team Lead for Human Resources, was not included in the previous complaints submitted by Plaintiff, Head of Huma Resources for Target was included as a Defendant. Furthermore, Mulligan, a Target executive, while incorrectly identified as part of the Target Human Resources Department, was an executive at Target and learned of the alleged discriminatory action following service of the Amended Complaint. He also became aware of the alleged conduct of other Target employees, namely the Asset Protection Manager (Yakush) and a Human Resources employee (now identified as McGaughy), demonstrating that the Defendants sought to be added by the amendment should have known that the Plaintiff, had it not been for a mistake, would have sued them instead or in addition to suing the named defendant. Moreover, there is nothing in the record indicating that Plaintiff made a deliberate choice to sue a certain Defendant other than the Asset Protection

8

Manager and a Human Resource employee at Target involved in the July 27, 2011, incident. *See Krupski*, 560 U.S. at 549 ("making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."). Indeed, based on the record before the Court, Plaintiff's failure to sue the newly-identified Defendants was not a well-informed, deliberate decision, but rather appears to be based on an error, misunderstanding, or misconception, especially in light Plaintiff's *pro se* status until counsel was recruited to assist Plaintiff. *See id.* at 548 ("A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'") (citation omitted); *see, e.g., Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 557 (7th Cir. 1996). The Court therefore denies Yakush's and McGaughy's motions to dismiss based on their statute of limitations argument.

Alternatively, McGaughy and Yakush argue that Plaintiff failed to state a claim against them. To state a claim of discrimination under Section 1981 in an employment contract, a plaintiff must allege "(1) he is a member of a racial minority; (2) the defendants had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J. Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). An employment relationship, including at-will employment, constitutes a contract for purposes of Section 1981. *Walker v. Abbott Labs*, 340 F.3d 471, 475-78 (7th Cir. 2003). Furthermore, a third-party can be liable under Section 1981 for interfering with an employee's relationship with his employer. *Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892, 896 (7th Cir. 2015).

Defendants argue that Plaintiff's allegations demonstrate that RadioShack was Plaintiff's employer so any "contract" for employment was between RadioShack and Plaintiff, not Target and Plaintiff. In addition, they argue that Plaintiff has not sufficiently plead their involvement in

9

his employment termination. Plaintiff, however, clearly alleges conversations between RadioShack employees and Target employees related to his continued employment at the Target Mobile within Target. He also alleges derogatory comments related to Plaintiff's race during these discussions. In addition, Plaintiff alleges Yakush and others from Target Human Resources (creating an inference as to McGaughy) were involved in these discussions and were involved in Plaintiff's termination of employment. At this stage of the pleadings, it cannot be said that Target did not have some level of control over Plaintiff's employment within the Target store or that neither Defendant engaged in discriminatory conduct. Discovery may show otherwise, but that analysis and determination is at the summary judgment stage.

Lastly, *pro se* Defendant Basilone "requests" that he be dismissed based on his denial of the allegations against him. At this stage of proceedings, all allegations are deemed true and construed in Plaintiff's favor. Thus, Basilone's mere denial of the allegations is not grounds for dismissal.

## Conclusion

Based on the above, Defendants' motions to dismiss [89] [105] and Basilone's request for dismissal [87] are denied. Defendants Yakush and McGaughy shall file their answer to the Third Amended Complaint on or before December 12, 2016.

Dated: November 28, 2016

_____
United States District Judge